NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME MELENDEZ, | No. 25-6769 |
| Plaintiff - Appellant, | D.C. No. 2:25-cv-09814-FMO-PVC |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; TRANSCORE OF AMERICA; CORECIVIC, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jaime Melendez appeals the dismissal of his claims based on the withdrawal of a job offer as a U.S. Immigration and Customs Enforcement (ICE) transportation officer. Melendez had received the offer through a private government contractor, but the contractor rescinded the offer because ICE found Melendez "unsuitable" for the job. Melendez claims that the suitability determination violated the Administrative Procedure Act (APA) and that the contractor violated Title VII of the Civil Rights Act by ratifying that decision. The district court dismissed the suit sua sponte without leave to amend, reasoning that the Civil Service Reform Act (CSRA) removed jurisdiction over the former claim and that the latter claim lacked merit. The court denied Melendez's subsequent motion to reconsider, which for the first time asserted a procedural due process claim. We review de novo the district court's dismissal for failure to state a claim and for abuse of discretion the denials of reconsideration and leave to amend. *Palm v. Los Angeles Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

The district court erred in dismissing Melendez's APA claim for lack of jurisdiction. While the CSRA precludes most challenges to federal "personnel actions," that scheme covers claims by "federal employees." *Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1128, 1130 (9th Cir. 2002) (citing 5 U.S.C. § 2302), *overruled on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013); 5

U.S.C. § 2302(a)(2)(A) (defining "personnel action" by reference to "an employee in, or applicant for, a covered position in an agency"). Melendez alleges that he is not a federal employee but rather an applicant for employment with a private contractor. The district court cited no authority holding that the CSRA's preclusive scheme applies to that class of persons. Because it is at least arguable that CSRA preclusion does not apply, the district court's sua sponte dismissal was premature. *See McKeever v. Block*, nu, 798 (9th Cir. 1991) (explaining that a "complaint could properly be dismissed sua sponte and before the filing of responsive pleadings only if it were frivolous" (citation modified)).

The district court properly dismissed Melendez's Title VII claim. Title VII "primarily govern[s] relations between employees and their employer, not between employees and third parties." *City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 718 n.33 (1978). Melendez's theory that a contractor can ratify ICE's suitability determination falls outside the recognized circumstances when third-party conduct may be imputed to an employer—all of which involve either a principal-agent relationship or circumstances where an employer can take "corrective action." *See Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997) (holding that an employer can liable under Title VII for actions of supervisory employees or for failure to take corrective actions in response to improper third-party conduct). And regardless, the complaint is devoid of

3                                                                              25-6769

allegations that ICE's decision constitutes actionable discrimination under Title VII. *See* 42 U.S.C. § 2000e-2(a) (listing unlawful employment practices). Given those flaws—which go to the core of Melendez's "legal theor[y]"—the district court did not abuse its discretion in dismissing the Title VII claim without leave to amend. *Parents for Priv. v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020).

Nor was it an abuse of discretion to deny reconsideration based on Melendez's newly asserted due process claim. It is well-established that a motion for reconsideration is not a vehicle to "raise arguments or present evidence for the first time" when either "could reasonably have been raised earlier." *E.g.*, *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The proper course is instead to seek leave to amend. Fed. R. Civ. P. 15.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**